UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER MCCLURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00144-JPH-MJD |
| | ) |
| NICK SMITH, | ) |
| KIM JENNINGS, | ) |
| MICHAEL GREGORY, | ) |
| KEVIN DEW, | ) |
| CRYSTAL QUEEN, | ) |
| RUDOLPH, | ) |
| HARRISON COUNTY JAIL, | ) |
| HARRISON COUNTY COUNCIL, | ) |
| QUALITY CORRECTIONAL CARE, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Christopher McClure initiated this action by filing a complaint in which he alleges, among other things, that the Harrison County Jail refused to provide him with suboxone treatment for his opioid use disorder while he was incarcerated there. Dkt. 2. He then filed a motion for preliminary injunction, asking the Court to forbid the Harrison County Sheriff and various people and entities associated with the Jail from denying him suboxone to treat his opioid use disorder. Dkt. 12. Mr. McClure is not currently incarcerated at the Harrison County Jail, but he states in his motion that "in in all probability [he] will return to the Harrison County Jail, for hearing concerning Modification of Sentence." *Id.* at 1. He also states that he has three years of probation to serve in Harrison County, which will in all probability to cause him to return to the Jail. *Id.* at 2.

1

By the time Mr. McClure filed his complaint, he was no longer incarcerated in the Harrison County Jail. Instead, he had been transferred to the custody of the Indiana Department of Correction ("IDOC"). Thus, absent the possibility that he will return to the Jail, all claims for injunctive relief were moot when he filed his lawsuit. *Cf. Lehn v. Holms*, 364 F.3d 862, 871 (7th Cir. 2004) ("when a prisoner seeks injunctive relief for a condition specific to that particular prison is transferred out of that prison, the need for relief . . . become[s] moot").

Regarding Mr. McClure's claims that he will return to the Jail, a federal claim is unripe if it "involves uncertain or contingent events that may not occur as anticipated, or may not occur at all." *Capeheart v. Terrell*, 695 F.3d 681, 684 (7th Cir. 2012) (cleaned up). The possibility of injury is too remote if a plaintiff "fails to show that [he] is immediately in danger of sustaining some direct injury that is real and immediate, not conjectural or hypothetical." *Id.* (cleaned up). When the possibility of future injury is too remote, a court cannot reach the merits of a claim for prospective injunctive relief. *Id.*

Under this standard, Mr. McClure's claims for prospective injunctive relief based on the possibility that he might return to the Jail are not ripe. He asserts that it is probable that he will return to the Jail in connection with a sentence modification hearing, but he does not know when the hearing is set to occur. Moreover, the Court takes judicial notice that the sentence modification hearing that Mr. McClure is apparently referencing—a sentence modification hearing in *State v. McClure*, No. 31D01-2202-F3-000097 (Harrison County Superior Court) ("State Court Dkt.")—has been set to be held on October 23, 2023, via Zoom. *See*

State Court Dkt, docket entry for June 13, 2023.[1] That is, he will not need to go to the Jail for the hearing. As to the possibility that he will return to the Jail while he is on probation, the IDOC website reports that Mr. McClure's earliest possible release date is March 23, 2025.[2] The only way Mr. McClure would return to the Jail after that date would be if he violated the conditions of his probation. And the only way he would be harmed is if he still needs suboxone treatment when he is returned to the Jail and if the Jail still refuses such treatment. At this point, the possibility that Mr. McClure will be harmed is too conjectural or hypothetical to make his claims for injunctive relief ripe. Thus, the Court cannot reach the merits of his claims for injunctive relief at this time. *See Capeheart*, 695 F.3d at 685 (concluding that claim seeking injunctive relief was not ripe for review because the possibility of harm was too remote and speculative).

Accordingly, the motion for preliminary injunction, dkt. 12, is **denied without prejudice**. If Mr. McClure ever receives notice that he is actually going to return to the Jail, he may file a renewed motion.

**SO ORDERED.**

Date: 8/3/2023

                                                          James Patrick Hanlon
                                                          United States District Judge
                                                          Southern District of Indiana

---

[1] The docket sheet for this case is available on mycase.IN.gov.

[2] *See* https://www.in.gov/apps/indcorrection/ofs/ofs?previous_page=1&detail=170870 (last visited Aug. 2, 2023).

4

Distribution:

CHRISTOPHER MCCLURE
170870
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only