UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER MCCLURE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 2:23-cv-00144-JPH-MJD |
| NICK SMITH Sheriff, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING WITHOUT PREJUDICE MOTIONS
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff, Christopher McClure, has filed two motions for assistance recruiting counsel and a third motion requesting a ruling on those motions. Dkts. 27, 30, 34. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff

1

made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff states he has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the

2

plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan,* 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Plaintiff states that he has a GED. He does not have higher education or legal training, but that is a situation common to most pro se litigants. He does not allege any physical or mental incapacities that would affect his ability to litigate. His communications with the Court thus far have been highly effective and literate. He states in his most recent motion that he has been released from incarceration and asserts that this actually will limit his ability to litigate, because he had been receiving some assistance from other inmates and had access to a prison law library. However, the Court encourages Plaintiff to investigate possible resources for legal research available through a local public library if he has not already done so. Finally, the Court notes that this case still is in a relatively early stage. Defendants Jennings, Queen, Rudolph, and Smith have filed a motion for summary judgment claiming that Plaintiff failed to exhaust administrative remedies. Dkt. 47. This is not an overly complicated

3

motion, factually or legally. Many pro se litigants are able to successfully respond to such motions, and the Court is confident that Plaintiff also can do so.

At this time, Plaintiff's motions for assistance recruiting counsel are **denied without prejudice**. Dkts. [27], [30], [34]. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial. The **clerk is directed** to attach the Court's form motion for assistance with recruiting counsel for Plaintiff to use if he wishes to re-file such a request. Additionally, given the Court's ruling today and the pending motion for summary judgment, dkt. 47, the Court now **sua sponte grants** an extension of time to Plaintiff to respond to that motion up to and including **June 3, 2024**.

**SO ORDERED.**

Date: 5/6/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

CHRISTOPHER MCCLURE
4270 Corydon Ramsey Rd NW
Corydon, IN 47112