UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00144-JPH-MJD |
| | ) | |
| NICK SMITH Sheriff, | ) | |
| KIM JENNINGS Captain, | ) | |
| MICHAEL GREGORY Nurse, | ) | |
| KEVIN DEW Doctor, | ) | |
| CRYSTAL QUEEN Correction Officer, | ) | |
| RUDOLPH Ofc Correction Officer, | ) | |
| QUALITY CORRECTIONAL CARE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION
DEFENSE AS TO CERTAIN DEFENDANTS**

Plaintiff Christopher McClure filed this action under 42 U.S.C. § 1983

while he was an inmate at Putnamville Correctional Facility.[1] The complaint

alleges that while a pretrial detainee at Harrison County Jail ("the Jail"),

Defendants Harrison County Sheriff Nick Smith, Captain Kim Jennings, Officer

Crystal Queen, Officer Rudolph (collectively "the Jail Defendants"), Dr. Kevin

Dew, Nurse Michael Gregory, and Quality Correctional Care (collectively "the

Medical Defendants") violated his constitutional rights. The Medical Defendants

waived reliance on the affirmative defense of failure to exhaust administrative

remedies as required by the Prison Litigation Reform Act ("PLRA"). Dkt. 39. The

Jail Defendants, however, have filed a motion for summary judgment based on

---

[1] Mr. McClure has since been released from incarceration. *See* dkt. 34.

1

that defense. Dkt. 47. For the reasons below, the Jail Defendants' motion is **GRANTED**.

## I. Summary Judgment Standard

Parties in a civil dispute may move for summary judgment, a way to resolve a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute over any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour every inch of the record" for evidence that could be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Mr. McClure did not respond to the Jail Defendants' motion. If a summary judgment motion is unopposed, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. Factual Background

### A. Plaintiff's Claims

Mr. McClure's complaint contained 13 different claims. Dkt. 2. It alleged that he was arrested and booked into the Jail in February 2022, and thereafter did not receive adequate medical care related to injuries he had sustained before his arrest, including but not limited to a prescription for suboxone to treat opioid use disorder and pain medication for his knees. The complaint also raised retaliation and access-to-courts claims. Mr. McClure moved to the Crawford County Jail in July 2022.

After screening, the Court allowed the following claims to proceed: (1) Fourteenth Amendment medical care claims against Captain Jennings, Officer Queen, Dr. Dew, and Nurse Gregory; (2) an official capacity claim against Sheriff Smith related to Mr. McClure's medical care generally; (3) a Rehabilitation Act claim against Sheriff Smith related to denial of suboxone treatment and denial of a lower bunk and bottom range pass; (4) a First Amendment retaliation claim against Officer Rudolph related to Mr. McClure's complaints about law library access and medical care; (5) state law negligence per se claims against Quality Correctional Care and Sheriff Smith in his official capacity; (6) state law negligence/medical care claims against Captain Jennings, Officer Queen, Dr. Dew, Nurse Gregory, and Quality Correctional Care; (7) access-to-courts claims against Captain Jennings in her individual capacity and Sheriff Smith in his official capacity; and (8) Fourteenth Amendment claims against Sheriff Smith in his official capacity based on alleged failure to adequately train Jail employees regarding opioid use disorder and how to properly separate medical care request forms from grievances. Dkt. 17 at 24-25.

**B. Grievance Process**

The Jail has enacted a grievance procedure as part of its standard operating procedures. Dkt. 47-2. The procedure states that "[a] grievance may relate to any aspect of institutional life," including general policies and procedures as well as actions by individual Jail staff. *Id.* An inmate initiates the grievance process by filling out a standard Inmate Grievance Form. *Id.*; dkt. 47-3. If an inmate is dissatisfied with a grievance response, they may appeal to the

Jail Commander, again using the standard form. *Id.* If the inmate is dissatisfied with that response, they may appeal to the Sheriff. *Id.* The grievance procedure does not expressly state a time limit for an inmate to initiate the grievance process.

### C. Plaintiff's Attempts at Exhaustion

The Jail Defendants have submitted what is represented to be the complete record of grievances Mr. McClure filed while he was in the Jail. Dkt. 47-4. The record reflects he filed eight grievances on the Jail's Inmate Grievance Form on the following topics: (1) inadequate access to the law library; (2) problems with visitation with his girlfriend; (3) receiving expired food from the commissary; (4) failure by Nurse Gregory to provide treatment for a sore on his nose; (5) failure to provide postage for legal mail; (6) the Jail was locked down at some point without reason; (7) allegedly excessive charges for phone use; and (8) another complaint regarding law library access. *Id.* Mr. McClure has not responded to the summary judgment motion, so he has not designated any evidence that this record is inaccurate or incomplete.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must

comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Although the exhaustion requirement is strict, it "hinges on the availability of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* Thus, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder,* 817 F.3d 1037, 1041 (7th Cir. 2016).

"Because exhaustion is an affirmative defense," the Jail Defendants face the burden of establishing that "an administrative remedy was available and that [Plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted). "[A] prisoner need not exhaust 'where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint.'" *Dowaun v. Wexford Health*

6

*Sources, Inc.*, No. 21-2957, 2023 WL 5348345, at *2 (7th Cir. Aug. 21, 2023) (quoting *Booth v. Churner*, 532 U.S. 731, 736 (2001)).

Because Mr. McClure did not respond to the Jail Defendants' summary judgment motion, he has not designated any evidence and the Jail Defendants' factual statements that are supported by evidence are "admitted without controversy." S.D. Ind. L.R. 56-1(f). It is therefore undisputed that Mr. McClure was aware of and frequently utilized the Jail's grievance procedure. There is no indication in that designated evidence that the grievance procedure ever was "unavailable" to Mr. McClure. Moreover, despite knowing of the grievance procedure and its availability, Mr. McClure designates no evidence showing that he exhausted administrative remedies with respect to any of the issues raised in his complaint.

The designated record reflects as a matter of law that Mr. McClure failed to exhaust administrative remedies with respect to all claims against the Jail Defendants that were permitted by the screening order, as required by the PLRA.

## IV. Conclusion

The Jail Defendants' motion for summary judgment, dkt. [47], is **GRANTED**. All claims against the Jail Defendants are **dismissed without prejudice**. The **clerk is directed** to terminate Sheriff Nick Smith, Captain Kim Jennings, Officer Crystal Queen, and Officer Rudolph as defendants on the docket. No partial final judgment will be entered.

The claims against the Medical Defendants remain pending. The Magistrate Judge is requested to conduct further pretrial proceedings related to the remaining issues in this case.

**SO ORDERED.**

Date: 2/3/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

CHRISTOPHER MCCLURE
4270 Corydon Ramsey Rd NW
Corydon, IN 47112

Magistrate Judge Dinsmore's Chambers